LOLLEY, J.
|; Lance Elmore appeals a judgment from the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, setting his child support obligation for the minor child, L.P., in the amount of $570.00 per month plus administrative costs. For the following reasons, we affirm the trial court’s judgment.
Facts
This matter started as a petition to establish paternity and support filed by the District Attorney’s office for the Fourth Judicial District on behalf of Danika Profit, mother of the minor child, L.P. As to the issue of paternity, a preliminary default was ultimately taken against Lance, decreeing him to be L.P.’s father, and judgment was entered against him. Lance does not appeal that judgment and does not deny he is the father of L.P.
Subsequently, a rule for child support was filed by the State.[1] A hearing was held on September 14, 2010, without Lance present, and an interim order of monthly support in the amount of $616.00 was ordered. A bench warrant was issued for Lance’s arrest, and he appeared in court on September 17th for the first time. At that time, the trial court recalled the bench warrant and again set the amount of interim child support at $616.00 per month, with an immediate income assignment and medical support for L.P. effective August 10, 2010. Ultimately, the child support rule was considered by the hearing officer on November 19, 2010, and child support 12for L.P. was set at $616.00 per month for the period of August 10, 2010 through October 31, 2010, and $225.00 per month thereafter.
In January 2012, the State filed a rule to modify child support judgment. It claimed that Lance had been paying $225.00 per month as ordered, but that his income had increased, so the State sought an increase in Lance’s child support obligation for L.P. In February 2012, the rule was considered by the hearing officer, and the support amount was modified, increasing it to $570.00 per month with an arrear-age of $2,384.62. Lance filed a motion to rehear the matter. At the rehearing considered before a judge of the trial court, Lance sought a decrease in payments and the State sought an increase. After considering the evidence before it, the trial court denied both requests, leaving the amount of support at $570.00 per month, plus administrative fees. Lance appeals the trial court’s judgment.
Discussion
Lance only brings one assignment of error on appeal. He argues that the current amount of child support, $570.00 per month, was made in error, because the calculation used by the trial court included his overtime pay, which he maintains is seasonal and extraordinary and not part of his gross income. Lance acknowledges that in order to set child support, the trial court must consider the Louisiana Child *1242 Support Guidelines and must initially determine the gross income of the parties. He notes that under La. R.S. 9:315 C(S) “gross income” includes “the income from any source,” but does not include “[e]x-traordinary overtime including but not limited to income attributed to seasonal work regardless of its percentage of gross Lineóme when, in the court’s discretion, the inclusion thereof would be inequitable to a party.” See La. R.S. 9:815 C(3)(d)(iii).
According to Lance, he is a log-truck driver and when the weather permits overtime, he is able to work 70-75 hours a week. However, he maintains that during “rainy” periods, he is only paid for 40 hours per week, an amount he is guaranteed. Lance maintains that he drives all over the state of Louisiana, which he characterizes in brief as being second in the nation in precipitation. Thus, he argues, his overtime is extraordinary and seasonal, and the trial court abused its discretion including his overtime as part of his gross income in calculating child support. On appeal, Lance outlines what he submits is the proper calculation of child support, claiming he should only be obligated to pay $339.65 per month. We disagree.
When reviewing an award of child support, an appellate court will not overturn the trial court’s factual determinations unless, in light of the record taken as a whole, they are manifestly erroneous or clearly wrong. Stephenson v. Stephenson, 37,323 (La.App.2d Cir.05/14/03), 847 So.2d 175. Here, the trial court was not clearly wrong in the conclusion reached based on the facts, primarily because Lance simply failed to prove that his overtime pay was indeed extraordinary.
Notably, the amount of the ultimate child support obligation provided for in the trial court’s judgment was initially calculated by the hearing officer in February 2012. At that first hearing to modify the child support, Lance appeared empty-handed and offered no proof of his income. Proof of Lance’s income from his employer at the time, Perferox, had to be provided |4to the hearing officer from the Louisiana Department of Labor. The State correctly points out that La. R.S. 13:3712.1 provides:
Notwithstanding the provisions of R.S. 13:3712, whenever a copy of a self-authenticating report from the Louisiana Workforce Commission, or from any state or federal reporting agency, is offered in evidence in any child or spousal support proceeding, it shall be received by the court as prima facie proof of its contents.
Thus, at that time, the hearing officer properly relied upon the only income records it had for Lance — those provided from the Department of Labor. Using the income amounts set forth in those records ($3,256.00 per month) along with the additional income Lance received from the Louisiana National Guard ($245.51 per month plus one $1,300 annual payment), the hearing officer properly set Lance’s child support obligation at $570.00 per month. At the subsequent rehearing of the matter before a judge at the trial court, Lance offered as evidence of his income one pay stub from a new employer for the single month of May. That pay stub evidently showed an income of $4,742.06. It was at the rehearing that Lance claimed a portion of his income should not be included in his gross income, because it was seasonal overtime pay only.
Here, Lance did not provide any evidence other than his self-serving testimony that his overtime was perhaps extraordinary because of its seasonal nature. Al *1243 though he argues that his overtime was limited during the described “rainy season,” because he is prevented from driving, Lance failed to present evidence to prove his assertion. For instance, he could have provided a policy manual, rules and regulations from his employer supporting his claim that he is not paid overtime during a so-called “rainy ^season,” or even called a witness from his employer to state the policy for overtime. He offered no such evidence — Lance simply failed to show that a portion of his pay was attributable to extraordinary overtime and exempt from inclusion in calculating gross income. Therefore, the trial court clearly was within its discretion in not decreasing the child support amount calculated by the hearing officer based on the evidence before it.[2] The child support obligation calculated at $570.00 per month was not in error.
Lance also has a younger child for whom he pays child support pursuant to a Vernon Parish trial court order. Lance maintains he should have received “credit” for the support payment for that child when L.P.’s support was calculated. In reaching a child support amount Lance maintains is proper, he reduces his income by the amount of child support he was ordered to pay in the Vernon Parish order. Notably, Lance has not raised this issue specifically as an assignment of error. Nonetheless, in considering his argument, we conclude that the trial court was within its discretion in not deviating from the Child Support Guidelines by allowing Lance credit for his other child support obligation. See La. R.S. 9:315.1.
Conclusion
For the foregoing reasons, the judgment of the trial court in favor of the State of Louisiana in the Interest of L.P. is affirmed. All costs of this appeal are assessed to Lance Childress Elmore.
AFFIRMED.

. The record shows that service was made on "Corkie” Elmore, although Lance claims his mother's name is "Sandra.” Lance makes some issue on appeal regarding the various forms of service on him throughout the proceedings; however, he never raised the issue at the trial court.

. Obviously, in the event Lance is able to provide evidence that his overtime pay is in indeed extraordinary, he is not foreclosed from seeking a reduction in his child support obligation in the future.